```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

PRISON LEGAL NEWS,

      Plaintiff,              CIVIL ACTION

    v.                          NO. 1:07-CV-2618-CAP

FULTON COUNTY, GEORGIA and
MYRON FREEMAN, individually
and in his official capacity
as Fulton County Sheriff,

      Defendants.

O R D E R

This matter is before the court on the plaintiff's motion for a preliminary injunction [Doc. No. 8].

## I. Statement of Facts

The plaintiff in this matter is an independent, monthly magazine, Prison Legal News ("PLN") that has subscribers who are incarcerated in the Fulton County Jail ("Jail"). PLN filed this lawsuit challenging the Jail's mail policy. According to PLN, the policy that was in effect at the time the lawsuit was filed ("old mail policy"), which was declared unconstitutional by this court in a 2002 ruling,[1] prevented inmates from receiving its publication. The defendants filed an answer to the lawsuit denying that the old mail policy was unconstitutional [Doc. No. 4 at 5-6].

---

[1] See Daker v. Barrett, No. 1:00-CV-1065-RWS (N.D. Ga. July 22, 2002).

On December 18, 2007, PLN moved for a preliminary injunction to enjoin the defendants from continuing to enforce the mail policy. On December 20, 2007, Defendant Freeman modified the mail policy ("new mail policy"), which defendants contend is constitutional. See Freeman Aff. at ¶ 4[Ex. A to Doc. 11]. Accordingly, the defendants contend that the motion for preliminary injunction is now moot.

On January 31, 2008, the court conducted a hearing on the motion for preliminary injunction. At the hearing, the parties were in substantial agreement on many issues. First, the defendants conceded that the old mail policy that was in effect when this lawsuit was filed was unconstitutional. Second, while the plaintiff indicated that it may have challenges to the new mail policy once discovery is completed, the new mail policy is an improvement over the old mail policy. Thus, for purposes of the motion for preliminary injunction, the plaintiff indicated its satisfaction with enforcement of the new mail policy.

The parties disagreed, however, on whether an injunction should be issued by the court to compel the defendants to continue using the new mail policy. The defendants contend that because they have voluntarily adopted and are currently enforcing the new mail policy, there is no need for injunctive relief. The plaintiff

on the other hand argued that an injunction was necessary to prevent the defendants from returning to the old mail policy.

**II. Legal Analysis**

    **A.   Preliminary Injunction Standard**

A district court may grant a preliminary injunction only upon the movant's showing that (1) it has a substantial likelihood of success on the merits, (2) the movant will suffer irreparable injury unless the injunction is issued, (3) the threatened injury to the movant outweighs the possible injury that the injunction may cause the opposing party, and (4) if issued, the injunction would not disserve the public interest. Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

    **B.   Application of the Standard to the Facts**

        **1.   Likelihood of Success on the Merits**

For purposes of the relief sought in the motion for preliminary injunction, the plaintiff has already succeeded on the merits. The defendants have conceded that the old mail policy was unconstitutional and have changed the policy.

        **2.   Irreparable Harm**

With regard to the issue of irreparable harm, the United States Supreme Court has held, "The loss of First Amendment freedoms for even minimal period of time unquestionably constitutes

irreparable injury." Elrod v. Burns, 427 U.S. 347, 373-74 (1976). Thus, the plaintiff has demonstrated irreparable harm.

The defendants argued that because the old mail policy is not being enforced and a new policy is in effect, there is no irreparable harm to the plaintiff occurring at this time. The Eleventh Circuit has held, however that voluntary cessation of challenged conduct does not render an issue moot because "nothing would prevent the defendant from resuming its challenged action." Sierra Club v. EPA, 315 F.3d 1295, 1303 (11th Cir. 2002). In light of the defendants admitted mistake in enforcing an unconstitutional policy for more than five years after this court struck it down, the court finds that an injunction is necessary to prevent the defendants from imposing additional irreparable injury on the plaintiff.

### 3. Balance of Injury

The third inquiry of the preliminary injunction analysis is whether the plaintiff can establish that the injury it would sustain if the defendants were not enjoined outweighs the harm an injunction would cause the defendants. Here, the defendants assured the court that it was their intention to refrain from using the old mail policy and to continue to enforce the new mail policy. Therefore, issuance of the instant injunction is of no harm whatsoever to the defendants.

**4.   Public Policy**

The fourth and final inquiry this court must make is whether the injunction sought by the plaintiff would disserve public policy.  In this case, a relapse to the use of an unconstitutional policy would disserve the public interest.  Thus, the injunction requiring the defendants to refrain from using the old mail policy and to continue to use the new mail policy would serve the public interest.

**III. Conclusion**

Based on the foregoing, the plaintiff has established (1) a likelihood of success on the merits and (2) that it would suffer irreparable injury without an injunction.  Additionally, the court found that there was no injury to the defendants that outweighed the potential injury to the plaintiff and that the injunction did not disserve public policy. Therefore, the plaintiff's motion for preliminary injunction [Doc. No. 8] is GRANTED.  The defendants are HEREBY ENJOINED from the use of the old mail policy; the defendants are REQUIRED to enforce the new mail policy; and the defendants are REQUIRED to notify the plaintiff and the court should it make any change in the new mail policy.

SO ORDERED, this 4th day of February, 2008.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge